Argued and submitted December 5, 1984, rule held invalid in part August 7, 1985

McKNIGHT et al,
*Petitioners,*

*v.*

LAND CONSERVATION AND
DEVELOPMENT COMMISSION,
*Respondent.*

(CA A31007)

CITY OF RAJNEESHPURAM,
*Petitioner,*

*v.*

LAND CONSERVATION AND
DEVELOPMENT COMMISSION,
*Respondent.*

(CA A30750)
(Cases Consolidated)

704 P2d 1153

Edward J. Sullivan, Portland, and Ma Prem Sangeet, Rajneeshpuram, argued the cause for petitioners. With them on the briefs were Timothy V. Ramis, and O'Donnell, Sullivan & Ramis, Portland.

Jeff Bennett, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, James E. Mountain, Jr., Solicitor General, and Michael B. Huston, Assistant Attorney General, Salem.

Before Joseph, Chief Judge, and Warren and Rossman, Judges.

JOSEPH, C. J.

## JOSEPH, C. J.

The petitioners in these consolidated proceedings under ORS 183.400 challenge the validity of the Land Conservation and Development Commission's "Administrative Rule for Application of the Statewide Planning Goals to the Incorporation of New Cities." OAR 660-14-000 *et seq.*[1]

■　　Petitioners first contend that the rule exceeds LCDC's statutory rule-making authority "by requiring that exceptions be taken to Goals 3, 4, 11 and 14 before a county authorizes an incorporation election for a city on undeveloped lands outside an urban growth boundary." ORS 183.400(4)(b). Petitioners argue that the requirement has *no* basis in the goals and that, in substance, the portions of the rule that impose the requirement are *de facto* amendments to the goals that were not promulgated in accordance with the statutory procedure for goal amendments. Petitioners are correct. *1000 Friends of Oregon v. Wasco County Court,* 299 Or 344, 361-70, 703 P2d 207 (1985).

■　　Petitioners[2] contend next that LCDC also exceeded its statutory authority by adopting the sections of the rule which require cities and counties to assure that incorporations within acknowledged urban growth boundaries are consistent with applicable comprehensive plans. The thrust of petitioners' argument is that, in cases where local government boundary commissions have authority to approve or disapprove incorporation proposals, the rule effectively requires cities and counties to do what the relevant statutes give them no power to do. *See* ORS 199.410 *et seq.* Although susceptible to petitioners' reading, we are satisfied that, read as a whole, the rule effectively assigns responsibility to the boundary commissions under the circumstances petitioners describe and that it does not require counties and cities to do anything that they are powerless to do under those circumstances.

Petitioners filed their challenges to the rule long

---

[1] In *McKnight v. LCDC,* 69 Or App 642, 687 P2d 170 (1984), *rev den* 299 Or 522 (1985), we dismissed a petition challenging the validity of the temporary rule that OAR 660-14-000 *et seq* replaced on the ground that the adoption of the permanent rule mooted the challenge to its temporary predecessor.

[2] The City of Rajneeshpuram has petitioned and appeared separately from the other petitioners. It does not join in the contention discussed in this paragraph.

before the Supreme Court decided *1000 Friends of Oregon v. Wasco County Court, supra.*[3] This opinion decides only the specific issues that petitioners have raised concerning the rule's validity. Nothing in this opinion or our disposition should be understood as implying that LCDC's rule is valid in any respect that we have not expressly held it to be.

Rule held invalid in part.

---

[3] Because the decision in that case was likely to, and, in the event did, have a substantial bearing on the issues here, we deferred our decision until the Supreme Court had decided *Wasco County Court.*